### HARRINGTON v. STALLO. (No. 7698.)

(Supreme Court, Appellate Division, First Department. November 12, 1915.)

HUSBAND AND WIFE &3—43—LIABILITY FOR DEBTS—UNNECESSARY ARTICLES.

In an action by a divorced wife against her former husband on his notes, the husband's defense and counterclaim was that during coverture their respective moneys were separate, and that he at one time, at his wife's request, paid a large sum of money for the repairing of a sable coat, which was a luxury, and not a necessity, and that there was an implied promise of his wife to reimburse him in the amount paid. *Held* that, while he may have been under no legal duty to pay the bill, his payment was voluntary, without implied agreement for reimbursement, and would not support the counterclaim.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 226; Dec. Dig. &3—43.]

Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by May Harrington against Edmund K. Stallo. From a judgment for defendant, plaintiff appeals. Reversed, and judgment directed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Geo. Edwin Joseph, of New York City, for appellant.

Nash Rockwood, of New York City, for respondent.

SCOTT, J. Plaintiff, who is the divorced wife of defendant, sues to recover the sum of $7,000, with interest, upon a promissory note made by defendant. The latter pleaded, both by way of defense and as counterclaims, two sums, aggregating upwards of $11,000, paid by defendant for plaintiff's account during the existence of the marriage. Both counterclaims were allowed as set-offs to plaintiff's claim; the defendant withdrawing any claim to affirmative relief. As to the allowance of one of these counterclaims the plaintiff makes no point on this appeal; the only question being as to the allowance of the other. As to this claim it appears that plaintiff, then defendant's wife, incurred a bill with a firm of furriers amounting to upwards of $5,000 for lengthening a sable coat and for other things. The account stood in the wife's name. After it had remained unpaid for some time, defendant was requested to pay the bill, which at first he declined to do. The defendant testified that his wife thereupon requested him to pay the bill, as she had no money with which to pay it, and that he thereupon did pay it. He also testified that at the time his wife asked him to pay the bill she did not ask him to advance the money, and did not mention any fund out of which it was to be paid; that she "just asked me to pay it, and I paid it."

There was evidence from which the jury might reasonably infer that the items included in the bill were not, properly speaking, necessaries, and that the husband supplied his wife with ample funds to procure such necessaries as she might require. If this had been an action between the tradesman and the husband, the evidence would have justified a verdict in favor of the latter. Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621; Wickstrom v. Peck, 155 App. Div. 524, 140 N. Y. Sup. 570. Here, however, a very different case is presented. While the husband may have been under no legal duty to pay the bill in the first instance, he did in fact pay it voluntarily, without any agreement on the part of his wife to reimburse him. This certainly raised no implied promise on her part that she would pay it, any more than the acceptance by a wife of a present from her husband would imply a promise to pay him the value thereof on demand. In effect, what defendant did was to make his wife a present of the money which he paid, without legal compulsion, for her adornment. He certainly could not have maintained an independent action against her for the amount he paid, for there was neither an express nor an implied agreement on her part to repay it. If the claim was not one which could have been enforced in an action

by defendant against the plaintiff, it was not available to him as a counterclaim. See section 501, Code Civ. Proc.

The judgment and order appealed from must be reversed, and judgment directed in favor of the plaintiff for the difference between the amount due plaintiff upon the note sued upon, with interest, and the amount of the counterclaim for $5,870.38, not questioned on this appeal, with interest, besides the costs of the action, including the appeal to this court. Settle order on notice.

INGRAHAM, P. J., and McLAUGHLIN, CLARKE, and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting). The set-off, in so far as it is material to sustain the verdict of the jury, relates to moneys paid by the defendant to Bergdorf & Goodman for lengthening a sable coat owned by the plaintiff. The plaintiff and defendant were married on the 27th of April, 1903, and lived together until 1912, when she obtained a divorce. The sable coat was of the value of from $25,000 to $30,000, and was owned by the plaintiff before she married the defendant, and at the time of their marriage she had an income from her father's estate of $2,500 per annum, and a further income of $9,000 per annum for the benefit of herself and three children from a fund settled upon her by her former husband and his father. The plaintiff and defendant during their married life resided in apartments and at hotels in the city of New York, and for a long time at the Waldorf. The evidence offered on the part of the defendant tends to show that he gave his wife in cash an average of $10,000 per annum for her personal expenses.

The note upon which this action is predicated was given by the defendant to the plaintiff on the 2d day of April, 1908, for moneys which he had received from her. The cost of lengthening the coat was charged to the plaintiff, and, according to the testimony of the defendant, he had no knowledge or notice of this account, and did not consent thereto, and when his attention was drawn to it he remonstrated with the plaintiff, and informed her that he had told Goodman that he would not pay it, on the ground that he was not responsible therefor, and she then said to him that she had no money, and requested him to pay it, and he paid it pursuant to her request. The court instructed the jury, among other things, that if the defendant voluntarily paid the bill he was not entitled to offset it, and that if he furnished sufficient money or paid for all necessaries for his wife from time to time, and if the lengthening of the coat was not a necessity, and was made on the wife's credit, then the defendant was entitled to be reimbursed for the amount advanced by him to pay therefor. The verdict shows that the jury found those facts in favor of the defendant, and there was ample evidence to sustain the findings. The court also charged the jury that the burden was on the defendant to show an agreement between him and the plaintiff that he should pay this account, and that he paid it upon the theory that from his wife's request a promise arose on her part to reimburse him therefor.

The evidence fairly warranted the jury in finding in favor of the defendant under this charge. The verdict, under the charge, shows that the jury found that this was not an indebtedness for which the defendant was liable, and that the plaintiff, being out of funds at the time and evidently desiring to avoid being annoyed with respect to the bill, requested the defendant to pay it. In the circumstances, I am of opinion that that gave rise to an implied promise on her part to reimburse her husband, who was then indebted to her on this note. The jury has drawn an inference from the evidence that it was not the intention of the defendant to make his wife a present of this money, but that he advanced it to her in the expectation that it would be repaid. It was not necessary that there should have been an express agreement between them that this amount should be applied on the note. Although the relation of husband and wife existed, the wife was handling her own funds, and in their financial dealings it is evident that they stood upon their respective rights, for she exacted from her husband this note which she held at this time, and he insisted that this account was a debt for which he was not liable and which he had refused to pay. The evidence, as I view it, shows that he advanced this money for his wife's account at her request. It was therefore a proper offset against the note, and the judgment is right, and should be affirmed.